IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ERIC DE'JUAN JONES, #50222**                                                **PETITIONER**

**v.**                                                         **CAUSE NO. 1:25cv243-LG-LGI**

**STATE OF MISSISSIPPI, ET AL.**                                            **RESPONDENTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of this record and relevant legal authority, the Court finds that this civil action should be dismissed.

I.  Background

Pro se Petitioner Eric De'Juan Jones, a post-conviction inmate of the Mississippi Department of Corrections, brings this action seeking habeas corpus relief. On August 6, 2025, the Court entered an Order [2] directing Jones, on or before August 27, 2025, to either file a Petition that complies with Rule 2 (d) of the *Rules Governing Section 2254 Cases in the United States District Courts* by completing, signing, and filing the attached form "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody" or file a notice of voluntary dismissal. The Order warned Jones that his failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition.

When Jones failed to respond, the Court entered an Order to Show Cause [3] directing Jones, on or before September 23, 2025, to show cause why this case should not be dismissed for his failure to comply with the Court's August 6 Order.

The Order to Show Cause also directed Jones to comply with the August 6 Order by completing, signing, and filing a form "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody" or file a notice of voluntary dismissal.

On September 25, 2025, Jones submitted a form Petition [5] that is illegible in parts, missing necessary information, and lacking Jones's signature under penalty of perjury. Jones did not provide a legible ground for relief, nor did he supply any facts in support, and he failed to state what relief he is seeking. As a result, on September 29, 2025, the Court entered a Second Order to Show Cause [6] directing Jones to respond on or before October 14, 2025. The Second Order to Show Cause warned Jones that "partial compliance with this Order or untimely compliance with this Order will result in the dismissal of this case." Second Order to Show Cause [6] at 2.

On October 8, 2025, Jones submitted a form Petition [7] that again is illegible for the most part and is missing necessary information. Jones provided, at best, one legible ground for relief but no legible facts in support, and no legible statement of the relief he is seeking. Since Jones is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders before dismissal of this case. The Court entered a Final Order to Show Cause [8] directing Jones to comply on or before November 12, 2025. The Final Order to Show Cause warned Jones that "partial compliance with this Order, illegible filings, or untimely compliance with this Order will result in the dismissal of this case without further notice."

Final Order to Show Cause [8] at 3.   Jones has not complied or otherwise contacted the Court.

II.   Discussion

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a Court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action sua sponte.   *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").   The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.   *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming sua sponte dismissal of pro se habeas petition for failure to prosecute under Fed.R.Civ.P.41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."   *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629–30.

The Court repeatedly warned Jones that failure to comply with a court order

3

would result in dismissal without further notice.   *See* Orders [8],[6],[3],[2]; Notice of Assignment [1-1].   To date, Jones has not complied with four Court Orders.

The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile."   *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Nothing in the record suggests that further warnings will be effective.   Dismissal without prejudice is warranted.

III.   Conclusion

For the reasons above, pro se Petitioner Eric De'Juan Jones's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter as required by Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE